[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 29, 2008
THOMAS K. KAHN
CLERK

No. 08-12252
Non-Argument Calendar

_____

D. C. Docket No. 07-20715-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO MARTIN,
a.k.a. El Platino,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 29, 2008)**

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Ernesto Martin appeals his 216-month sentence for conspiracy to possess

with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 846, and possession with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 841(a)(1). On appeal, Martin argues that his offense level calculation should have been reduced by two levels because he was a minor participant. We affirm.

## STANDARD OF REVIEW

We review "a district court's determination of whether a defendant qualifies for a minor role adjustment . . . only for clear error." *United States v. Rodriguez De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (en banc). "[T]he district court ha[s] considerable discretion in making this fact-intensive determination." *Id.* at 946.

## DISCUSSION

Martin asserts that there were two groups of defendants with different relevant conduct in the conspiracy. Four defendants, including Martin, were convicted of crimes related to the original conspiracy to distribute 100 kilograms of cocaine. Two defendants were convicted of crimes relating to the 18 kilograms of cocaine actually received by the co-conspirators. Because he was held responsible for the entire 100 kilograms, Martin argues that the district court erroneously compared his role in the offense with the roles of the two defendants held responsible for only the 18 kilograms.

2

A two-level reduction for playing a minor role is appropriate if the defendant "[was] less culpable than most other participants," but his role was not minimal. U.S. SENTENCING GUIDELINES MANUAL § 3B1.2 cmt. n.5 (2007). "[T]he defendant . . . bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *Rodriguez De Varon*, 175 F.3d at 939 (citations omitted).

The district court analyzes the mitigating role of a defendant "by two modes of analysis: First, . . . the district court must measure the defendant's role against the relevant conduct for which []he was held accountable at sentencing . . . . Second, the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." *Id.* at 945. An offense may involve no minor or minimal participant. *Id.* at 944.

At sentencing, the district court briefly asked defense counsel whether Martin did more or less in the conspiracy than one of the defendants held responsible for only 18 kilograms of cocaine. Even if the district court's question were an attempt to compare Martin's conduct to that defendant's, the court did not commit reversible error. The probation officer found that none of the six co-conspirators deserved a mitigating-role reduction. Similarly, the government did not recommend to the district court that any of the co-conspirators be held to a

3

leadership role.

Martin has not shown by a preponderance of the evidence that his role was minor in the conduct for which he was held accountable. Nor did the district court improperly measure Martin's role in the conspiracy "against the relevant conduct for which []he was held accountable at sentencing." *Id.* at 945. Thus, the district court did not clearly err in finding that Martin was not entitled to a mitigating-role reduction.

## CONCLUSION

After carefully reviewing the record and the parties' briefs, we discern no reversible error.

**AFFIRMED.**